**EXHIBIT A**



Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
**Tribunal de Primera Instancia**
Sala (■Superior, ☐ Municipal de)  Bayamon

| | |
|---|---|
| MIGUEL VIDAL QUIDGLEY, | CASO NÚM.:  CA2023CV02896 |
| Nombre de la(s) Parte(s) Demandante(s) | |
| v. | Salón Núm.: |
| MERRIL LYNCH, PIERCE, FENNER & SMITH, INC.; ET AL | Acción Civil de:  DAÑOS Y PERJUCIOS |
| Nombre de la(s) Parte(s) Demandada(s) | Materia o Asunto |

**NOTIFICACIÓN DE DEMANDA
Y SOLICITUD DE RENUNCIA AL EMPLAZAMIENTO**

A:  MERRIL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRIL LYNCH BANK USA;

(nombre de la parte demandada)

Dirección:  15 SECOND STREET, SUITE 210, GUAYNABO, PR 00968

Por este medio le notifico que se ha presentado una demanda en contra de usted (o de la entidad que usted representa), en el caso de epígrafe.  Le acompaño copia fiel y exacta de la demanda presentada, de la cual podrá obtener todos los detalles y pormenores de la mencionada reclamación.  Además, de conformidad con lo dispuesto en la Regla 4.5 de las Reglas de Procedimiento Civil de Puerto Rico, le solicito su renuncia al procedimiento para el diligenciamiento personal del emplazamiento que fue expedido a su nombre, de manera que puedan evitarse los gastos que dicho procedimiento conlleva.

De aceptar la renuncia solicitada, deberá completar y firmar el dorso de esta solicitud y devolverla en el sobre pre dirigido que se incluye, dentro de los veinte (20) días siguientes a la fecha del depósito en el correo de esta solicitud o, dentro de los treinta (30) días siguientes a esa fecha si usted se encuentra fuera de Puerto Rico.

Una vez devuelva este documento debidamente cumplimentado y firmado por usted, entonces se presentará ante el tribunal y la acción procederá como si usted hubiese sido emplazado(a) en la fecha en que aceptó la renuncia.  Usted deberá contestar la demanda dentro de los treinta (30) días siguientes a la fecha en que envió el documento debidamente cumplimentado.

Si usted opta por no renunciar, entonces se procederán a realizar los trámites para emplazarlo(a) conforme lo dispuesto en la Regla 4 de las Reglas de Procedimiento Civil de Puerto Rico, y a solicitarle al tribunal que le imponga el pago de los gastos del diligenciamiento del emplazamiento dirigido a usted, incluyendo los gastos de honorarios de abogado.  Sobre este asunto, favor leer la explicación que se encuentra al dorso.

Certifico haber enviado esta solicitud con una copia, con copia de la demanda y con un sobre pre dirigido, hoy  18  de  SEPTIEMBRE  de  2023  .

LUIS E. MIÑANA RODRÍGUEZ-FEO

(nombre del(de la) representante legal o de la parte que se autorrepresenta)

(firma del(de la) representante legal o de la parte que se autorrepresenta)
16,297

(número ante el Tribunal Supremo, del(de la) representante legal, si aplica)
URB. BALDRICH, 122 AVE. MANUEL DOMENECH (ALTOS), SJ, PR 00918

(dirección del(de la) representante legal o de la parte que se autorrepresenta)
minanalaw@yahoo.com / minanasecre@gmail.com

(dirección electrónica, si la tiene)
787-758-1999

(número de teléfono)  (número de fax)

## RENUNCIA AL DILIGENCIAMIENTO DEL EMPLAZAMIENTO

A: LUIS E. MIÑANA RODRÍGUEZ-FEO

(nombre de la parte demandante)

Dirección:   URB. BALDRICH, 122 AVE. MANUEL DOMENECH (ALTOS), SJ, PR 00918

Yo, _____ , parte demandada acuso recibo de esta Solicitud de Renuncia al Diligenciamiento del Emplazamiento y de una copia, que fueron enviadas por usted para el caso de epígrafe.  También acuso recibo de copia de la demanda presentada en el caso y de un sobre pre dirigido en el cual podré devolver este documento una vez firmado, sin ningún costo.

Acepto economizar los costos del diligenciamiento del emplazamiento y del envío de una copia adicional de la demanda, por lo que renuncio al emplazamiento personal dispuesto en la Regla 4 de las Reglas de Procedimiento Civil de Puerto Rico.  Sin embargo, retengo el derecho a solicitar el traslado del caso a una sala con competencia, y a presentar todas las defensas u objeciones que puedan existir sobre la causa de acción o sobre la jurisdicción del tribunal, con excepción de aquellas defensas relacionadas con defectos en el emplazamiento o en el diligenciamiento de éste.  Certifico que mi renuncia es voluntaria y no como producto de coacción.

Entiendo que el tribunal podría anotar la rebeldía si no le notifico una contestación a la demanda o la correspondiente moción, dentro de los treinta (30) días del envío de este documento.

Enviada hoy _____ de _____ de _____ .

_____
(firma de la parte demandada)

### Deber de evitar los gastos del diligenciamiento del emplazamiento

La Regla 4.5 de las Reglas de Procedimiento Civil de Puerto Rico requiere, salvo algunas excepciones, que la parte demandada evite los gastos del diligenciamiento del emplazamiento y de la demanda.  Por lo tanto, si la parte demandada no renuncia al diligenciamiento del emplazamiento luego de notificársele la acción en su contra y solicitársele dicha renuncia, entonces deberá asumir los gastos del diligenciamiento, a menos que demuestre justa causa.  No constituirá justa causa para rehusarse a renunciar al diligenciamiento del emplazamiento que la parte demandada considere que la demanda carece de méritos, o que se presentó en un tribunal sin competencia o sin jurisdicción sobre la materia, la persona o la propiedad.

La parte demandada que renuncia al diligenciamiento del emplazamiento retiene todas las defensas y objeciones por lo que podrá presentarlas posteriormente, excepto aquéllas que están relacionadas con el emplazamiento o con el diligenciamiento del emplazamiento.  También podrá solicitar el traslado del caso a una sala con competencia, si lo estima procedente.

La parte demandada que renuncia al diligenciamiento del emplazamiento deberá notificarle al(a la) representante legal de la parte demandante o a la parte demandante que se autorrepresenta, el correspondiente escrito contestando la demanda, y deberá presentarlo al tribunal dentro del término dispuesto en la solicitud de renuncia.  Al renunciar al diligenciamiento del emplazamiento, la parte demandada podría tener un término mayor para contestar la demanda que el término que hubiese tenido de haber sido emplazada en la fecha en que recibió la solicitud de renuncia al emplazamiento.  De no notificar una contestación o una moción dentro de dicho término, el tribunal podrá anotar la rebeldía y posteriormente dictar sentencia contra la parte demandada, o cualquier otro remedio, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| MIGUEL VIDAL QUIDGLEY, | CIVIL NÚM.: |
| Demandante | |
| vs. | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRILL LYNCH BANK USA; BANK OF AMERICA, NA, | SOBRE: |
| | Daños y Perjuicios |
| Demandados | |

### DEMANDA

**Al HONORABLE TRIBUNAL:**

   **COMPARECE la parte demandante** por conducto de su representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA**:

### I.     LAS PARTES

   1.     La parte demandante está compuesta por Miguel Vidal Quidgley (de ahora en adelante "Sr. Vidal").

   2.     La dirección de la parte demandante es PO Box 6323, San Juan, Puerto Rico 0000914-6323.

   3.     El Sr. Vidal tenía con Merrill Lynch las cuentas de inversiones: xxx-x0901 y xxx-x1018.

   4.     La parte demandada Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") (CRD# 7691), con domicilio en 15 Second Street, Guaynabo, PR 00968, es una subsidiaria de Bank of America (en adelante: "BofA"), que también opera como BofA Merrill Lynch, que es la división de banca corporativa y de inversión de BofA.

   5.     BofA completó la adquisición de Merrill Lynch & Co en enero de 2009. BofA comenzó a cambiar el nombre de todas sus actividades corporativas y de banca de inversión bajo el nombre de BofA Merrill Lynch en septiembre de 2009. BofA Merrill Lynch brinda servicios en fusiones y adquisiciones, acciones y capital de deuda mercados, préstamos, comercio, gestión de riesgos, investigación y gestión de liquidez y pagos. Se formó a través de la combinación de las actividades bancarias corporativas y de inversión de BofA y Merrill Lynch luego de la adquisición

1

de este último por parte del primero en enero de 2009. BofA Merrill Lynch es el corredor de bolsa más grande y logró los segundos ingresos más altos de cualquier banco de inversión. en todo el mundo en 2010, con una cuota de mercado global del 6,8 por ciento. En ese año logró los ingresos más altos de cualquier banco de inversión en todo el mundo tanto en préstamos apalancados como en valores respaldados por activos. En 2011, BofA Merrill Lynch logró nuevamente los segundos ingresos más altos de cualquier banco de inversión en todo el mundo (después de J.P. Morgan & Co.), con una participación de mercado global del 7,4 por ciento. Fundada en 1914, Merrill Lynch Wealth Management es una de las empresas de gestión de patrimonio más grandes del mundo.

6.    Merrill Lynch en Puerto Rico afirma en su sitio web total Merril.com que: "La oficina de Merrill Lynch en Guaynabo Puerto Rico se enfoca en brindar estrategias de gestión patrimonial a personas y empresas de alto poder adquisitivo mientras brinda un servicio excepcional. Nuestro objetivo es ayudar a nuestros clientes a acumular, preservar y transferir riqueza a través de una gestión holística de la riqueza. El proceso incluye la asignación de activos, la gestión de carteras, la gestión de pasivos, la minimización de impuestos y la protección de activos. También ayudamos a nuestros clientes con posiciones de acciones concentradas y estrategias de cobertura y liquidez a través de inversiones, collares y contratos de liquidez personalizados. […] En Merrill Lynch, nuestros asesores adoptan un enfoque dinámico e individualizado para ayudar a los clientes a abordar sus necesidades financieras. Uno que combina conocimiento, experiencia y perspicacia con una comprensión profunda no solo de las metas, la tolerancia al riesgo, las necesidades y objetivos de liquidez del cliente, sino también de sus vidas, familia, intereses y pasiones. Es un enfoque basado en el 'saber hacer' y 'conocerse a usted', y realmente refleja nuestra filosofía de trabajar en estrecha colaboración con los clientes para ayudarlos a vivir la vida que desean y planificar para el futuro".

7.    El Demandado Merrill Lynch International Bank Ltd. (en adelante, "Merrill Bank") es un banco comercial asegurado por la Corporación Federal de Seguros de Depósitos ("FDIC") y una subsidiaria de BofA. Merrill Bank ofrece productos y servicios bancarios (depósitos, préstamos garantizados y divisas) y servicios. Merrill Bank se conocía anteriormente como Merrill Lynch International Bank Limited. La empresa se incorporó en 1995 y tiene su sede en Dublín, Irlanda. Merrill \ Bank opera como una subsidiaria de ML UK Capital Holdings. En todo momento relevante, Merrill Bank actuó como principal que realizó negocios bancarios en Puerto Rico a través de Merrill, que actuó como su agente e intermediario financiero.

8.      En todo momento relevante en este documento, la cuenta del Demandante fue administrada por los Demandados a través del mismo asesor financiero, ejecutivo de inversiones y/o representante registrado ("FA") Fernando V. de la Vega, (CRD #2025344), quien operaba desde Metro Office Park's Merrill Lynch, Pierce, Fenner & Smith Incorporated (CRD# 7691) 15 2ND ST / 15 CALLE 2, GUAYNABO, PR 00968, bajo la supervisión y administración de Héctor W. Laffitte Rossy ("Lafitte") CRD #1672889 , con más de 28 años de experiencia como profesional financiero. Laffitte trabajó en UBS desde 1987 y en Merrill desde julio de 2006. Laffitte-Rossy está registrada como representante asesora de inversiones (IAR) con más de 28 años de experiencia como profesional financiera. En el CRD de Laffitte hay dos revelaciones de casos que alegan operaciones no autorizadas que se liquidaron.

9.      Este Tribunal tiene jurisdicción para entender este asunto en consideración a que los Demandantes residían en Puerto Rico en todo momento alegado en esta demanda al igual que los servicios rendidos por Merrill Lynch fueron en Puerto Rico.

## II. TRASFONDO

10.      El Sr. Miguel Vidal Quidgley estaba casado con Lourdes González Gutiérrez A lo largo de muchos años de esfuerzos, sacrificios y arduo trabajo, el señor Vidal logró ahorrar dinero para su jubilación. El Sr. Vidal, ingeniero de profesión, se convirtió en desarrollador inmobiliario y a lo largo de su carrera profesional creó y explotó múltiples desarrollos residenciales y comerciales de construcción con mucho éxito. Después de una larga y exitosa carrera, el Sr. Vidal se jubiló en 2010 con el plan de vivir de sus inversiones, como le hizo saber a su asesor financiero en ML.

11.      A lo largo de los tiempos relevantes en este documento, el demandante había abierto y mantenido cuentas de inversión con ML. El demandante confió a Merrill Lynch y su FA sus activos líquidos para administración e inversión, esperando que ML los invirtiera sabiamente de manera segura y conservadora con el objetivo financiero de preservación del capital y un rendimiento de renta fija. El rendimiento de la renta fija se reinvertiría para la apreciación del capital antes de su jubilación y también para pagar parte de sus gastos de manutención. Debido a la naturaleza de confianza y fiduciaria de la relación entre el demandante y ML, el Sr. Vidal siempre confió plenamente y se apoyó en las recomendaciones y decisiones explícitas de ML para el manejo de su dinero.

3

12.     Como resultado del engaño y la culpa de la parte Demandada (ML) alegados en detalle en esta Demanda, y siguiendo las recomendaciones e instrucciones explícitas de ML, la cartera del demandante carecía de una asignación de activos adecuada y estaba geográficamente superada. concentrada en valores de PR. Como resultado de lo anterior, el demandante sufrió pérdidas de capital por la cantidad de alrededor de **$500,000**.

13.     El Demandante reclama en contra del rompimiento de contrato y de las promesas que le hicieron los agentes de ML, por las infracciones y violaciones por ML y sus agentes de los deberes impuestos por el Reglamento 6078 de la Ley Uniforme de Valores de Puerto Rico ("PRUSA"), integrado en el contrato entre las partes, que impone que el demandado "debe observar el más alto estándar de deber fiduciario hacia sus clientes e inversionistas"; FR 2010 que impone que ML observará altos estándares de honor comercial y principios justos y equitativos de comercio; FR 2111[1], regla de "adecuación", y su regla corolaria FR 2090, "regla de conocer a su cliente"; FR 3110 que impone al demandado el deber de supervisión de establecer y mantener un sistema para supervisar que esté razonablemente diseñado para lograr el cumplimiento de las leyes y regulaciones de valores aplicables y las Reglas FINRA; FR 3120 que impone al demandado un deber de supervisión para establecer, mantener y hacer cumplir un sistema de políticas y procedimientos de control de supervisión que pruebe y verifique que los procedimientos de supervisión del miembro estén razonablemente diseñados para lograr el cumplimiento de las leyes y regulaciones de valores aplicables y las Reglas FINRA; Directrices de FINRA y estándares de la industria con respecto a deberes fiduciarios, trato justo, deberes de cuidado y franqueza, concentración y asignación de activos; las leyes de Puerto Rico por dolo, declaraciones falsas y omisión de hechos materiales, culpa y negligencia en la contravención y en el cumplimiento de las obligaciones contractuales; y las disposiciones de la nueva regla Regulation Best Interest del Securities and Exchange Comisión ("SEC"), todo enmarcan el incumplimiento del demandado, que es la causa de la pérdida económica del demandante.

---

[1] La regla de idoneidad de FINRA (2111), que entró en vigencia en julio de 2012, establece:
"(a) Un miembro o una persona asociada debe tener una base razonable para creer que una transacción o estrategia de inversión recomendada que involucre un valor o valores es adecuada para el cliente, con base en la información obtenida a través de la diligencia razonable del miembro o persona asociada para conocer el perfil inversor del cliente. El perfil de inversión de un cliente incluye, entre otros, la edad del cliente, otras inversiones, situación y necesidades financieras, estado fiscal, objetivos de inversión, experiencia de inversión, horizonte temporal de inversión, necesidades de liquidez, tolerancia al riesgo y cualquier otra información que el cliente pueda tener. divulgar al miembro o persona asociada en relación con dicha recomendación."

14.        El demandado ML incumplió su deber fiduciario con el demandante en virtud de la Ley de Puerto Rico al anteponer su interés económico a los del sr. Vidal, a su riesgo y cargo, lo que provoco que sufriera perdidas sustanciales en sus inversiones de capital.

15.        El demandado ML violó la confianza que le deposito el demandante y cometió dolo grave al participar en un curso de esquemas engañosos, negligencia crasa, especulación, tergiversaciones de hechos materiales y omisiones de hechos materiales, incluidas, entre otras, recomendaciones inadecuadas, ventas y compras desautorizadas y concentraciones no diversificadas. en valores de PR sin permiso, ni comunicar los riesgos sustanciales asociados con las inversiones, y la tergiversación expresa de la seguridad y los riesgos involucrados. El demandado ML además violó la confianza al no supervisar ni controlar a sus representantes registrados, al violar la Ley Uniforme de Valores de Puerto Rico, al no reparar las lesiones y pérdidas en las que incurrieron los demandantes, y por otra conducta según se alega en el presente. Las tergiversaciones y omisiones del demandado causaron las pérdidas que sufrieron el Sr. Vidal.

16.        Las inversiones y estrategias llevadas a cabo unilateralmente en desconocimiento sin autorización, realizadas por el demandado no eran adecuadas para el Sr. Vidal en función de su perfil de inversionista, sus objetivos, necesidades de ingresos, preocupaciones sobre el riesgo, metas, ingresos y necesidades. En el momento en que ML hizo sus transacciones a través de su asesor financiero ("FA"), sabía o creía razonablemente que la estrategia de seguridad o inversión no era adecuada, o hizo la recomendación y la inversión sin tener en cuenta si la estrategia de seguridad o inversión era adecuada o no para los demandantes.

17.        La conducta ilícita del Demandado ML constituyó dolo en la contratación y fue una violación de las reglas que tenían que seguir como se comprometieron a hacer en su contrato de entre otras cosas las reglas las Reglas de FINRA y de valores de Puerto Rico, de la Municipal Securities Regulations Board ("MSRB") y del Securities Exchange Commission ("SEC") y Regulation Best Interest ("Reg BI"). Además, las recomendaciones inadecuadas del Demandado ML y las violaciones de las Reglas FINRA forman la base de los reclamos de negligencia, incumplimiento del deber fiduciario e incumplimiento del contrato y acuerdo de trabajo con el Demandante.

18.        En todo momento, el demandado ML actuó en calidad de agente y custodio fiduciario del Demandante. Esta relación fiduciaria surgió de los demandados que se presentaban como corredores de valores registrados y aceptaban una compensación por sus servicios, el

conocimiento y la experiencia superiores del demandado con respecto a los valores y las representaciones hechas por ML al Sr. Vidal con respecto a las inversiones.

19.     Actuando en estas capacidades, ML le debía a el demandante los deberes fiduciarios de buena fe, trato justo, cuidado, confianza e integridad en su trato y en sus recomendaciones de inversiones, de hecho, ML está llamado a actuar en el mejor interés de su cliente por encima de su propio mejor interés. El demandado ML también estaba obligado a cumplir con los deberes requeridos por las Reglas FINRA, específicamente las reglas con respecto a la idoneidad, el conocimiento del cliente, los principios comerciales justos y equitativos y la supervisión. Dichos deberes fueron incumplidos por el Demandado por sus acciones e inacciones como se establece en este documento.

20.     El demandado ML le debía al demandante el deber de actuar razonablemente con respecto a sus tratos y sus recomendaciones de inversiones, incluidos, entre otros, los deberes de descubrir hechos relevantes sobre su cliente para determinaciones de idoneidad, revelar riesgos sobre las inversiones y acciones recomendadas, no tergiversar las inversiones, hacer la diligencia debida adecuada sobre los productos recomendados, recomendar solo inversiones adecuadas y adecuadamente diversificadas, no recomendar la compra de inversiones especulativas de alto riesgo, observar altos estándares de honor comercial y principios de comercio justos y equitativos, y para proporcionar supervisión con respecto a las inversiones y preocupaciones del Demandante. Además, el demandado ML le debía al Sr. Vidal el deber de supervisar adecuadamente a sus representantes registrados y sus interacciones con ellos.

21.     El demandado ML era miembro de FINRA en el momento de las interacciones anteriores con el demandante. Como tal, ML estaba sujeto a las normas y reglamentos de FINRA. Como cliente de ML, el Sr. Vidal era tercero beneficiario de los contratos y acuerdos de ML con FINRA, incluidas las reglas de FINRA. Además, ML tenía un contrato expreso e implícito con el demandante que lo obligaba a cumplir con las Reglas de FINRA y las regulaciones de Puerto Rico (como el deber fiduciario), como parte de sus nuevos formularios de cuenta y proceso de apertura de cuenta.

22.     ML incurrió en una sobre concentración inadecuada en la cuenta en valores del demandante. Además, incurrió en tergiversaciones y omisiones sobre dichos valores, omisiones de riesgo, conflictos de intereses, falta de supervisión y falta de observación de altos estándares de honor comercial y principios justos y equitativos de comercio, violando las Reglas de FINRA.

23. Además de la responsabilidad del Demandado por las acciones ilícitas alegadas en el presente, como firma de corretaje del demandante y empleador de su representante registrado involucrado, ML también es responsable de todos los daños establecidos en el presente en la misma medida en que su representante registrado sería responsable. Esta responsabilidad proviene de varias fuentes. El demandado ML es responsable por no haber supervisado a sus representantes registrados y, según el derecho consuetudinario y de Puerto Rico, un empleador/principal es responsable por la negligencia, el engaño y los daños de su agente, y es responsable según la doctrina de "respondent superior" y responsabilidad vicaria. El demandado ML también es responsable del daño cometido por su agente si el agente actúa dentro de su autoridad.

24. El demandado ML también es vicariamente responsable por la conducta de sus respectivos asesores financieros, agentes y empleados identificados en el presente porque su conducta cae dentro del alcance de su empleo o agencia, además de un deseo de servir y beneficiar a los empleadores o intereses de los directores del demandado, y resultó en un beneficio económico para ellos. *Vernet v. Serrano-Torres*, 566 F.3d 254, 261 (1er Cir. P.R. 2009).

25. El Demandado ML también es responsable como persona de control de su Asesor Financiero bajo la Ley de Valores de Puerto Rico y bajo las leyes federales de valores, Sección 20(a) de la Ley del Mercado de Valores.

26. El demandado ML violó la Regla 3010[2] de FINRA y otras Reglas de FINRA al no supervisar adecuadamente a sus Asesores financieros, al no cumplir con las Reglas de FINRA tal como se establece en esta demanda.

27. Como se alegó anteriormente, el Demandado ML participó directa o indirectamente en actos y prácticas de dolo para engañar, e inducir al Sr. Vidal a celebrar contratos para comprar los CEF y los Bonos PR. Véase, 31 L.P.R.A. § 34043[3]. El dolo fue grave y da lugar a la nulidad de estos contratos porque sin él el actor no hubiera comprado los valores de PR. Véase, 31 L.P.R.A. § 34084[4].

---

[2] La Regla 3010(a) de FINRA establece que cada miembro deberá:
"establecer y mantener un sistema para supervisar las actividades de cada representante registrado y persona asociada que esté razonablemente diseñado para lograr el cumplimiento de las leyes y reglamentos de valores aplicables, y con las Reglas de esta Asociación. La responsabilidad final de la supervisión adecuada recaerá en el miembro".
[3] "El consentimiento dado por… engaño será nulo".
[4] 4 "Hay dolo cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes se induce al otro a celebrar un contrato que sin ellas no hubiera hecho."

28.     Debido a que el demandante no tuvo nada que ver con la contraprestación ilícita, reclama aquí el dinero y honorarios que pago a ML por la compra de los CEF y los Bonos PR, independientemente de cualquier otra compensación que pudieran recibir en este caso.

29.     Como se establece en la presente demanda, el Demandante y el Demandado celebraron un acuerdo contractual para abrir y mantener cuentas de valores en ML, para comprar y vender valores en esas cuentas, y para que ML brinde asesoramiento sobre esas cuentas como fiduciarios. El "Acuerdo de relación con el cliente" requería específicamente que ML hiciera recomendaciones "adecuadas" y cumpliera con las reglas, regulaciones y costumbres y usos de la bolsa o mercado en el que se ejecutan las transacciones de valores.

30.     El demandado ML está obligado contractualmente a seguir las reglas de FINRA. Por lo tanto, las Reglas de FINRA regían al demandado y al mercado, y una violación de esas Reglas por parte de ML constituye un incumplimiento del contrato con el Sr. Vidal.

31.     Además, de conformidad con los reglamentos de Puerto Rico que rigen a ML cuando ejerce funciones en Puerto Rico, ML y sus agentes estaban obligados a actuar como fiduciarios con respecto a sus clientes, como los demandantes. "Artículo 25 del Reglamento de la Ley Uniforme de Valores."

32.     Estas acciones por incumplimiento de contrato están sujetas a un plazo de prescripción de 15 años conforme a 31 L.P.R.A. §5294 ("los que son personales y para los cuales no se fija término especial de prescripción, después de quince (15) años") Ver *Colon v. Blades*, 914 F. Supp.2d 181 (D. Puerto Rico 2011) ("Sin embargo, el artículo 1802 y su plazo de prescripción de un año no rigen las acciones por incumplimiento de una obligación ya existente. Tales acciones están sujetas al estatuto general de prescripción de quince años. La ley de Puerto Rico ha reconocido tal prescripción. obligaciones existentes en, entre otras, acciones contra un agente por ganancias obtenidas en incumplimiento del deber fiduciario...").

33.     En consecuencia, el incumplimiento de ML de su contrato y las Reglas FINRA (y la negligencia asociada y el incumplimiento del deber fiduciario) están sujetos a un estatuto de limitación de 15 años.

### III. HECHOS Y ALEGACIONES

### A.     PRIMERA CAUSA DE ACCIÓN: LOS VALORES Y LA ESTRATEGIA RECOMENDADOS NO ERAN ADECUADOS PARA EL DEMANDANTE

34.     Las alegaciones contenidas en los párrafos 1 a 33 se vuelven a alegar y se incorporan al presente.

8

35.     La regla de idoneidad de FINRA (2111), que entró en vigencia en julio de 2012, establece:

> ""(a) Un miembro o una persona asociada debe tener una base razonable para creer que una transacción o estrategia de inversión recomendada que involucre un valor o valores es adecuada para el cliente, con base en la información obtenida a través de la diligencia razonable del miembro o persona asociada para conocer el perfil inversor del cliente. El perfil de inversión de un cliente incluye, entre otros, la edad del cliente, otras inversiones, situación y necesidades financieras, estado fiscal, objetivos de inversión, experiencia de inversión, horizonte temporal de inversión, necesidades de liquidez, tolerancia al riesgo y cualquier otra información que el cliente pueda tener. divulgar al miembro o persona asociada en relación con dicha recomendación."

36.     Aunque no fue el caso aquí, la Comisión de Bolsa y Valores de EE. UU. descubrió que incluso si el objetivo de un inversionista es multiplicar rápidamente su dinero, el corredor aún está obligado a recomendar operaciones adecuadas a la "situación" del inversionista. En una apelación de una acción disciplinaria de NASD, la SEC declaró:

> "Pinchas [corredor] argumentó ante la NASD que Wang [cliente] insistió en que su inversión se multiplicara rápidamente para poder comprar una casa. Wang negó la afirmación de Pinchas. Sin embargo, incluso si Wang hubiera deseado que Pinchas duplicara su dinero, ese deseo no habría relevado a Pinchas de su deber de recomendar solo aquellas operaciones adecuadas a su situación".

In Re-Rafael Pinchas, S.E.C. Rel No. 41816, Admin. Proc. File No. 3-9639 (Sept. 1, 1999) (énfasis agregado).  Ver también In Re-Larry Loungani, S.E.C. Rel. No. 34-37835, Admin. Proc. File No. 3-8761 (Oct. 17, 1996) (""Un representante puede hacer 'solo las recomendaciones que sean consistentes con la situación financiera y las necesidades [de su cliente].")

37.     Como se alegó anteriormente, la recomendación de concentrar en exceso los fondos del Sr. Vidal en valores de Puerto Rico fue drásticamente inadecuada para el Demandante. Las inversiones no eran adecuadas en función de sus objetivos, necesidades de ingresos, preocupaciones sobre el riesgo, capacidad para aceptar riesgos, metas, ingresos y necesidades. El Demandado tampoco recomendó una diversificación adecuada de los fondos de inversión, de modo que la carpeta de inversiones del Demandante estaba **100%** concentrada en inversiones de Puerto Rico.

38.     En el momento en que ML hizo sus recomendaciones a través de sus asesores financieros, sabía o creía razonablemente que la estrategia de seguridad o inversión no era adecuada o hizo la recomendación y la inversión con un desprecio imprudente de si la estrategia de seguridad o inversión era adecuada o no para el Demandante.

39.     La conducta negligente del Demandado ML como se alega en el presente constituyó dolo en la contratación y fue una violación de la Ley Uniforme de Valores de Puerto Rico. Además, como se establece a continuación, las recomendaciones inadecuadas y las infracciones de las normas FINRA del Demandado ML forman la base de los reclamos de negligencia, incumplimiento del deber fiduciario e incumplimiento del contrato del Demandante.

**B.    SEGUNDA CAUSA DE ACCIÓN: INCUMPLIMIENTO DEL DEBER FIDUCIARIO**

40.     Las alegaciones contenidas en los parrados 1 a 18 se vuelven a alegar y se incorporan aquí.

41.     La norma fiduciaria que aplica en Puerto Rico según el Reg. 6078 es el estándar fiduciario más alto. El Estándar Fiduciario más alto es el de la Ley de Fideicomiso. De la Corte Suprema de EE. UU. en un caso ERISA; _Tibble v. Edison Int'l_, 575 U.S. ___ (18 de mayo de 2015):

> "La Re-expresión (Tercera) de los Fideicomisos establece lo siguiente: "[A] los deberes del fideicomisario se aplican no solo en la realización de inversiones sino también en el seguimiento y la revisión de las inversiones, lo que debe hacerse de manera razonable y apropiada para las inversiones, cursos particulares de acción y las estrategias involucradas". §90, Comentario b, p. 295 (2007). La Ley Uniforme de Inversores Prudentes confirma que "[la] gestión abarca el control" y que un fideicomisario tiene "la responsabilidad continua de supervisar la idoneidad de las inversiones ya realizadas." §2, Comentario, 7B U. L. A. 21 (1995) (comillas internas omitidas). Scott en Trusts da a entender lo mismo al afirmar que, "[c]uando el patrimonio del fideicomiso incluye activos que son inapropiados como inversiones del fideicomiso, el fideicomisario normalmente tiene el deber de disponer de ellos dentro de un tiempo razonable". A. Scott, W. Fratcher, & M. Ascher, Scott y Ascher en Trusts §19.3.1, p. 1439 (5th ed. 2007). Bogert dice lo mismo. Bogert 3d §685, at 156-157 (explicando que si se determina que una inversión es imprudente, el fideicomisario "debe disponer de ella dentro de un tiempo razonable") ver, e.g., _State Street Trust Co. v. DeKalb_, 259 Mass. 578, 583, 157 N. E. 334, 336 (1927) (se requirió que el fideicomisario tomara medidas para "proteger los derechos de los beneficiarios" cuando el valor de los activos del fideicomiso disminuyó)."

42.     El deber fiduciario de un corredor y asesor financiero con respecto a su cliente también está contenido en el Reglamento de la Ley de Valores de Puerto Rico. Específicamente, el Artículo 25 de la Ley Uniforme de Valores establece:

> "**ARTICULO 25**: Prácticas deshonestas y poco éticas en el negocio de valores. Sección 25.1: Estándar de negocios y deberes fiduciarios hacia los clientes. Todo corredor de bolsa, emisor, asesor de inversiones, representante de asesor de inversiones, asesor cubierto federal, representante de asesor de inversiones de un asesor cubierto federal, agente o cualquier otra persona sujeta a las disposiciones de la Ley, debe observar el más alto nivel de deber fiduciario hacia sus clientes e inversores."

10

43.     Tal como lo establece la Corte de Apelaciones del 11° Circuito: "[l]a ley es clara en cuanto a que un corredor tiene un deber fiduciario de cuidado y lealtad hacia un inversionista de valores." <u>Gochnauer v. A.G. Edwards & Sons, Inc.</u>, 810 F.2d 1042, 1049 (11th Cir. 1987).

44.     Un corredor de bolsa es "un agente que debe a su principal el deber de actuar solo como autorizado." <u>Merrill Lynch v. Cheng</u>, 901 F.2d 1124, 1128 (D.C. Cir. 1990).  "Como agente, tiene el deber de negociar en interés del mandante… Además, tiene el deber de dar a su mandante información que sea relevante para los asuntos que se le encomienden y de los que tenga conocimiento." <u>Id.</u>  Las responsabilidades fiduciarias de un corredor hacia su cliente se establecen más específicamente de la siguiente manera:

> "(1) el deber de recomendar una acción solo después de estudiarla lo suficiente como para estar informado sobre su naturaleza, precio y pronóstico financiero; (2) el deber de llevar a cabo los pedidos del cliente con prontitud de la manera más adecuada para servir a los intereses del cliente; (3) el deber de informar al cliente de los riesgos involucrados en la compra o venta de un valor en particular; (4) el deber de abstenerse de negociar por cuenta propia o negarse a revelar cualquier interés personal que el corredor pueda tener en un valor recomendado en particular; (5) el deber de no tergiversar ningún hecho material de la transacción; y (6) el deber de realizar transacciones comerciales solo después de recibir la autorización previa del cliente."

<u>Lieb v. Merrill Lynch, Pierce, Fenner and Smith</u>, 461 F.Supp. 951, 953 (E.D.Mich. 1978) (citas omitidas), estos deberes se incumplieron como se establece anteriormente, incluidos, entre otros, el deber de cuidado del demandado, el deber de revelar los riesgos involucrados en la inversión recomendada, el deber de discutir con sinceridad las inversiones, el deber de abstenerse de negociar por cuenta propia y revelar conflictos de interés, el deber de diligencia debida en la inversión y el deber de no tergiversar u omitir hechos materiales.

45.     En todo momento en el presente, el Demandado ML actuó en calidad de agente y custodio fiduciario del Demandante.  Esta relación fiduciaria surgió del hecho de que el Demandado se presentó como un corredor de valores registrado y aceptó una compensación por sus servicios, el conocimiento y la experiencia superiores del demandado con respecto a los valores y las representaciones hechas por ML al Sr. Vidal con respecto a las inversiones. Actuando en estas capacidades, ML le debía al Demandante los deberes fiduciarios de buena fe, trato justo, cuidado, confianza e integridad en su trato con él y en sus recomendaciones de inversiones. El Demandado ML también estaba obligado a cumplir con los deberes requeridos por las Reglas FINRA, específicamente las reglas con respecto a la idoneidad, el conocimiento del cliente, los

11

principios comerciales justos y equitativos y la supervisión. Dichos deberes fueron incumplidos por el Demandado por sus acciones e inacciones como se establece en este documento.

### C. TERCERA CAUSA DE ACCIÓN: NEGLIGENCIA Y SUPERVISIÓN NEGLIGENTE

46. Las alegaciones contenidas en los párrafos 1 a 24 se vuelven a alegar e incorporan aquí.

47. Se aplica un estándar de negligencia a los vendedores de valores registrados. Según lo establecido en Merrill Lynch, Pierce, Fenner & Smith v. Cheng, 697 F. Supp. 1224, 1227 (D.D.C. 1988): "De la jurisprudencia se desprende claramente que un corredor de bolsa puede ser considerado responsable ante su cliente por negligencia." El tribunal de Cheng continuó afirmando que, aunque no encontró un derecho de acción privado basado en las reglas de NASD, una violación de las reglas de NASD sería un "factor a considerar por el jurado en cuanto a si [el corredor] actuó como persona razonable en su conducta..." Id. El NASD ahora se conoce como FINRA.

48. El Demandado ML le debía al Demandante el deber de actuar razonablemente con respecto a sus tratos y sus recomendaciones de inversiones, incluidos, entre otros, los deberes de descubrir hechos relevantes sobre su cliente para determinaciones de idoneidad, revelar riesgos sobre las inversiones y acciones recomendadas, para no tergiversar las inversiones, hacer la diligencia debida adecuada sobre los productos recomendados, recomendar solo inversiones adecuadas y adecuadamente diversificadas, no recomendar la compra de inversiones especulativas de alto riesgo, observar altos estándares de honor comercial y principios comerciales justos y equitativos, y para proporcionar supervisión con respecto a las inversiones y preocupaciones del Demandante. Además, el Demandado ML les debía al Sr. Vidal el deber de supervisar adecuadamente a sus representantes registrados y sus interacciones con ellos.

49. El Demandado ML incumplió negligentemente esos deberes a través de sus actos negligentes, así como a través de su omisión de actuar como se establece en este documento.

### D. CUARTA CAUSA DE ACCIÓN: INCUMPLIMIENTO DE CONTRATO

50. Las alegaciones contenidas en los párrafos 1 a 30 se vuelven a alegar e incorporan aquí.

51. El Demandado ML era miembro de FINRA en el momento de las interacciones anteriores con el Demandante. Como tal, ML estaba sujeto a las reglas y regulaciones de FINRA. Como cliente de ML, el Demandante era tercero beneficiario de los contratos y acuerdos de ML

12

con FINRA, incluidas las Reglas de FINRA. Además, ML tenía un contrato expreso e implícito con el Demandante que lo obligaba a cumplir con las Reglas de FINRA y las regulaciones de Puerto Rico (como el deber fiduciario), como parte de sus nuevos formularios de cuenta y proceso de apertura de cuenta. La sobre concentración inadecuada de la cuenta del Demandante en valores de Puerto Rico, tergiversaciones y omisiones sobre dichos valores, omisiones de riesgo, conflictos de intereses, falta de supervisión y falta de observación de altos estándares de honor comercial y principios justos y equitativos de comercio violaron las reglas de FINRA, algunos de los cuales se citan anteriormente.

52.    El concepto de buena fe, los usos y estándares de la industria [como las Reglas FINRA] y las disposiciones de la ley de valores se "incorporan por referencia en el contrato." Noble v. Corporación Insular de Seguros, 738 F.2d 51, 53 (1st Cir. P.R. 1984); ver también E.L.A. v. Great American Insurance Co., 106 D.P.R. 825, 829 (1977) (cuando las partes celebran acuerdos sobre materias reguladas por ley, las disposiciones legales se incorporan implícitamente al contrato). "La ley puertorriqueña impone a las partes contratantes el deber de cumplimiento de buena fe". Adria Int'l Group, Inc. v. Ferre Dev., Inc., 241 F.3d 103, 108 (1er Cir. 2001).16 "Los que en el cumplimiento de sus obligaciones incurren en dolo, negligencia o mora, y los que en cualquier forma contravinieren lo dispuesto en las mismas, estarán sujetos a indemnización por los daños y perjuicios que por ello causen." 31 L.P.R.A. § 3018.

53.    Por sus acciones e inacciones antes mencionadas, el Demandado ML violó las reglas de FINRA, incumplió sus deberes fiduciarios e incumplió su contrato expreso e implícito con FINRA y el Demandante, y como resultado directo y próximo, causó daños al Sr. Vidal como se alega en este documento.

### E.    QUINTA CAUSA DE ACCION: RESPONSABILIDAD SUBSIDIARIA DEL DEMANDADO POR LAS ACCIONES DE SUS REPRESENTANTES

54.    Las alegaciones contenidas en los párrafos 1 a 34 se vuelven a alegar e incorporan aquí.

55.    Además de la responsabilidad del Demandado por las acciones e inacciones ilícitas alegadas en el presente, como empresa de corretaje de los Demandantes y empleador de su representante registrado involucrado, ML también es responsable de todos los daños establecidos en el presente en la misma medida en que su representante registrado sería responsable. Esta responsabilidad proviene de varias fuentes. El Demandado ML es responsable por no haber supervisado a sus representantes registrados y, según el derecho consuetudinario y de Puerto Rico,

un empleador/principal es responsable por la negligencia, el engaño y los daños de su agente, y es responsable según la doctrina de respondent superior. El Demandado ML también es responsable del dolo de su agente si el agente se encuentra en posición de cometer un dolo, mientras aparentemente actúa dentro de su autoridad.

56.     El Demandado ML también es indirectamente responsable por la conducta de sus respectivos asesores financieros, agentes y empleados identificados en el presente porque su conducta cae dentro del alcance de su empleo o agencia, promovió un deseo de servir y beneficiar a los empleadores del demandado o los intereses de los directores, y resultó en un beneficio económico para ellos. Vernet v. Serrano-Torres, 566 F.3d 254, 261 (1st Cir. P.R. 2009).

57.     El Demandado ML también es responsable como persona de control de su Asesor Financiero bajo la Ley de Valores de Puerto Rico y bajo las leyes federales de valores, Sección 20(a) de la Ley del Mercado de Valores.

58.     La Regla 3010(a) de FINRA establece que cada miembro deberá:

> "establecer y mantener un sistema para supervisar las actividades de cada representante registrado y persona asociada que esté razonablemente diseñado para lograr el cumplimiento de las leyes y reglamentos de valores aplicables, y de las Reglas de esta Asociación. **La responsabilidad final de la supervisión adecuada recaerá en el miembro**." *(Énfasis añadido)*

59.     El Demandado ML violó la regla 3010 de FINRA y otras reglas de FINRA al no supervisar adecuadamente a sus asesores financieros, al supervisar negligentemente a los asesores financieros y al no cumplir con las reglas de FINRA tal como se establece en este documento.

**F.     SEXTA CAUSA DE ACCION: RESCISIÓN DE CONTRATOS**

**Nulidad de los Contratos de Compra y Préstamo y rescisión del contrato**

60.     Las alegaciones contenidas en los párrafos 1 a 40 se vuelven a alegar e incorporan aquí.

61.     "La ley de contratos de Puerto Rico establece que '[c]onsentimiento dado por . . . el engaño será nulo.' P.R. Laws Ann. teta. 31, § 3404. "Hay dolo cuando por palabras o maquinaciones insidiosas de parte de uno de los contratantes se induce al otro a celebrar un contrato que sin ellas no hubiera hecho".'" *Id.* § 3408. *Berganzo-Colon v. Ambush*, 704 F.3d 33, 37 (1st Cir. P.R. 2013).

62.     Las pautas de FINRA también reconocen expresamente la Rescisión como un remedio adecuado. De conformidad con las pautas de FINRA, "[r]escisión está diseñada para

14

colocar al reclamante en la misma posición que ocupaba antes de la transacción ilícita. Podrá incluir la devolución de los valores de que se trate." Guía del árbitro, pág. 63.

63. Como se alegó anteriormente, el Demandado ML directa o indirectamente participó en actos y prácticas en violación a su deber fiduciario y contractiual, e inducir al Sr. Vidal a celebrar contratos para comprar los CEF y los Bonos PR, y para obtener líneas de préstamos de crédito o margen para mantener los valores de PR, que sin dicho engaño el Demandante no habría celebrado dichos acuerdos. Ver, 31 L.P.R.A. § 3404.[5] El engaño fue grave y doloso y da lugar a la nulidad de estos contratos porque sin él los demandantes no habrían comprado los valores de PR, ni obtenido líneas de crédito o préstamos de margen para mantener los valores de PR. Véase, 31 L.P.R.A. § 3408.[6]

64. Debido a que el Demandante no tuvo nada que ver con la contraprestación ilícita, reclama aquí los dineros y honorarios que pago a ML por la compra de los CEF y Bonos PR, independientemente de cualquier otra compensación que puedan recibir en este caso.

### PRESCRIPCION

65. Las alegaciones contenidas en los párrafos 1 a 45 se vuelven a alegar e incorporan aquí.

66. Si los estatutos de prescripción aplican a las presentes causas de acción, el estatuto aplicable por incumplimiento de contrato en Puerto Rico es de 15 años.

67. Como se establece en el presente, el Demandante y ML celebraron un acuerdo contractual para abrir y mantener cuentas de valores en ML, para comprar y vender valores en esas cuentas, y para que ML brinde asesoramiento sobre esas cuentas como fiduciarios. El "Acuerdo de relación con el cliente" requería específicamente que ML hiciera recomendaciones "adecuadas" y cumpliera con las reglas, regulaciones y costumbres y usos de la bolsa o mercado en el que se ejecutan las transacciones de valores. Dado que ML mismo ejecutó todas las operaciones CEF, entonces era el "intercambio" o "mercado".

68. ML está obligado por contrato a seguir las reglas de FINRA. Por lo tanto, las Reglas de FINRA regían al Demandado y al mercado, y una violación de esas Reglas por parte de ML constituía un incumplimiento del contrato con el Sr. Vidal.

---

[5] "Será nulo el consentimiento prestado mediante... engaño."

[6] "Hay dolo cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes se induce al otro a celebrar un contrato que sin ellas no hubiera hecho.

15

69.     Además, de conformidad con las reglamentaciones de Puerto Rico que rigen a ML cuando actúa en Puerto Rico, ML y sus agentes estaban obligados a actuar como fiduciarios con respecto a sus clientes, como el Demandante. "Artículo 25 del Reglamento de la Ley Uniforme de Valores."

70.     Estas acciones por incumplimiento de contrato están sujetas a un estatuto de limitaciones de 15 años bajo 31 L.P.R.A. §5294 ("las que sean personales y para las que no se fije plazo especial de prescripción, a los quince (15) años.")  Ver Colon v. Blades, 914 F. Supp.2d 181 (D. Puerto Rico 2011) ("Sin embargo, el artículo 1802 y su plazo de prescripción de un año no regulan las acciones por incumplimiento de una obligación ya existente... Tales acciones están sujetas a la prescripción general de quince años... La ley de Puerto Rico ha reconocido tales obligaciones preexistentes en, entre otras, acciones contra un agente por ganancias obtenidas en incumplimiento del deber fiduciario...").

71.     En consecuencia, el incumplimiento de ML de su contrato y las Reglas FINRA (y la negligencia asociada y el incumplimiento del deber fiduciario) están sujetos a un estatuto de limitación de 15 años.

## G.     SEPTIMA CAUSA DE ACCION: DEMANDA DE DEVOLUCIÓN DE COMISIONES Y HONORARIOS

72.     Las alegaciones contenidas en los párrafos 1 a 52 se vuelven a alegar e incorporan aquí.

73.     'El interés previo al juicio, como la devolución, impide que un demandado se beneficie de sus violaciones de valores. Los tribunales han reconocido que una evaluación de intereses previos al juicio, como el remedio de devolución, 'tiene por objeto privar a los malhechores de las ganancias que obtuvieron ilegalmente al violar las leyes de valores'". Citas omitidas, SEC v. Sargent, 329 F.3d 34, 40 (1er Cir. 2003). "La restitución y el interés previo al juicio, si bien ambos apuntan a privar al acusado de ganancias ilícitas, son, no obstante, remedios distintos y los casos los analizan repetidamente por separado, refiriéndose con frecuencia a la amplia discreción de los tribunales de distrito para decidir si otorgar [los]". Id., at. 41.

74.     El Demandante compro los valores de PR como causa inmediata de la mala conducta ilícita e ilícita del Demandado. ML ha obtenido ilegalmente ingresos sustanciales de dicha conducta indebida en forma de comisiones, tarifas comerciales, tarifas de administración, en montos que el Demandante no puede determinar en este momento. Por tanto, el Sr. Vidal exige la

devolución por parte del Demandado ML de los referidos ingresos ilícitos, y su reintegro con los intereses devengados desde el día en que fueron pagados.

75. Una suma igual a la de daños compensatorios como daños punitivos de acuerdo al nuevo Código Civil.

### IV. DAÑOS

73. El Demandante se declara en contra de las infracciones y violaciones generalizadas del demandado de: Reglamento 6078 de la Ley Uniforme de Valores de Puerto Rico ("PRUSA") que impone que el demandado "debe observar el más alto estándar de deber fiduciario hacia sus clientes e inversionistas"; FR 2010 que impone que ML observará altos estándares de honor comercial y principios justos y equitativos de comercio; FR 2111, regla de "adecuación", y su regla corolaria FR 2090, "regla de conocer a su cliente"; FR 3110 que impone al demandado el deber de supervisión de establecer y mantener un sistema para supervisar que esté razonablemente diseñado para lograr el cumplimiento de las leyes y regulaciones de valores aplicables y las Reglas FINRA; FR 3120 que impone al demandado un deber de supervisión para establecer, mantener y hacer cumplir un sistema de políticas y procedimientos de control de supervisión que pruebe y verifique que los procedimientos de supervisión del miembro estén razonablemente diseñados para lograr el cumplimiento de las leyes y regulaciones de valores aplicables y las Reglas FINRA; las pautas de FINRA y los estándares de la industria con respecto a los deberes fiduciarios, tratos justos, deberes de cuidado y franqueza, concentración y asignación de activos; las leyes de Puerto Rico por dolo, declaraciones falsas y omisión de hechos materiales, culpa y negligencia en la contravención y en el cumplimiento de las obligaciones contractuales.

74. Entre otras cosas, se alega que ML participó en un ardid para violar el contrato de servicio con los demandantes, con la intención de vender Bonos de Puerto Rico ("Bonos de PR") y acciones de Fondos Cerrados de PR ("CEF") (conjuntamente denominados "PR valores") para obtener beneficios sustanciales por cuenta y riesgo indebidos del demandante incurriendo así en un conflicto de intereses a su favor que violó su deber fiduciario a los demandantes.

75. El Demandado ML incumplió su deber fiduciario con el Demandante en virtud de la Ley de PR al colocar su interés económico sobre los del Sr. Vidal, a su riesgo y cargo, lo que les provocó pérdidas sustanciales en sus inversiones de capital.

17

76.     Por lo cual, muy respetuosamente, el Demandante es acreedor a que este Honorable Tribunal ordene una indemnización adicional bajo el Artículo 1538 del Código Civil de Puerto Rico 2020 de manera punitiva equivalente al 100% de daños y compensación.

**POR TODO LO CUAL**, muy respetuosamente se solicita a este Honorable Tribunal que luego del trámite legal correspondiente declare **CON LUGAR** la presente demanda, teniendo como consecuencia ordenar al demandado pagar a la parte demandante sus daños por una suma no menor de **$500,000** correspondiente a todas las pérdidas capitales incurridas por el Demandante, una suma igual por daños punitivos de acuerdo al nuevo código Civil, así como una suma considerable correspondiente a honorarios de abogado dado el proceder temerario de dicha parte en cuanto a la reclamación del demandante y sus valores, gastos y costas.

En San Juan, Puerto Rico, a 14 de septiembre de 2023.

**f/Luis E. Miñana Rodríguez/**
**POR: LCDO. LUIS E. MIÑANA RODRÍGUEZ**
**RUA 16297**


**ESPADA, MIÑANA & PEDROSA, PSC**
**AVE. DOMENECH 122 (ALTOS)**
**SAN JUAN, PR 00918**
**TEL. (787)758-1999**
**CEL. (787)402-2226**
**EMAIL: minanalaw@yahoo.com**

Formulario OAT 1721                                                                    Página 1 de 3
(Rev. Agosto 2023)

Estado Libre Asociado de Puerto Rico
**TRIBUNAL GENERAL DE JUSTICIA**
**Tribunal de Primera Instancia**
Sala ☒ Superior ☐ Municipal de  SAN JUAN

MIGUEL VIDAL QUIDGLEY,

_____                         Caso Núm. _CA2023CV02896_
Parte Demandante
v.                                                Salón Núm. _403_
MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC.; MERRILL LYNCH BANK USA;                       **DAÑOS Y PERJUICIOS**
BANK OF AMERICA, NA,
_____                         Acción Civil de: _____
Parte Demandada                                            Materia o Asunto

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:  BANK OF AMERICA, NA,
_____
Nombre de la parte demandada que se emplaza

15 Second Street, Suite 210, Guaynabo, PR 00968
_____
Dirección de la parte demandada que se emplaza

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro
de los  30  días de haber sido diligenciado este emplazamiento, excluyéndose el día del
diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado
de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente
dirección electrónica: https://www.poderjudicial.pr/index.php/tribunal-electronico/, salvo que el caso
sea de un expediente físico o que se represente por derecho propio, en cuyo caso deberá presentar
su alegación responsiva en la Secretaría del Tribunal y notificar copia de la misma al (a la)
abogado(a) de la parte demandante o a ésta, de no tener representación legal. Si usted deja de
presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en
rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal,
en el ejercicio de su sana discreción, lo entiende procedente.  Además, se le apercibe que, en los
casos al amparo de la Ley Núm. 57-2023, titulada _Ley para la Prevención del Maltrato, Preservación
de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores_, entre los
remedios que el Tribunal podrá conceder se incluyen la ubicación permanente de un (una) menor
fuera de su hogar, el inicio de procesos para la privación de patria potestad, y cualquier otra medida
en el mejor interés del (de la) menor. _(Artículo 33, incisos b y f de la Ley Núm. 57-2023)._ Se le
advierte de su derecho a comparecer acompañado(a) de abogado(a) en los casos que proceda.

LUIS MIÑANA RODRÍGUEZ-FEO
_____
Nombre del (de la) abogado(a) de la parte demandante,
o de la parte, si no tiene representación legal

16,297
_____
Número ante el Tribunal Supremo (RUA), si es abogado(a)

URB. BALDRICH, 122 CALLE MANUEL DOMENECH (ALTOS)
SAN JUAN, PR 00918
_____
Dirección

787-758-1999
_____
Número de teléfono; número de fax

minanalaw@yahoo.com
_____
Correo electrónico

Expedido bajo mi firma y sello del Tribunal, el ____ de  SEP 1 5 2023  de _____

Lcda. Keneliy Zayas Robles                        Por: _DENISE M. AMARO MACHUCA_
Secretaria Regional                                    Nombre del (de la)
Nombre del (de la)                                 Secretario(a) Auxiliar del Tribunal
Secretario(a) Regional

                                                   _____
                                                   Firma del (de la)
                                                   Secretario(a) Auxiliar del Tribunal

F087

Formulario OAT 1721                                                                    Página 2 de 3
(Rev. Agosto 2023)

Caso Núm. _____

## CERTIFICADO DE DILIGENCIAMIENTO POR EL (LA) ALGUACIL

Yo, _____ Alguacil del Tribunal de Primera Instancia de Puerto
Rico, Sala de _____
CERTIFICO que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue
realizada por mí, el _____ de _____ de _____, a las _____ ☐ a.m. ☐ p.m., de la
siguiente forma:

☐   Mediante entrega personal a la parte demandada en la siguiente dirección física:
    _____

☐   Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
    _____

☐   Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o
    designada por ley para recibir emplazamientos en la siguiente dirección física:
    _____

☐   No se pudo diligenciar el emplazamiento personalmente debido a que:
    _____
    _____

En _____, Puerto Rico, el _____ de _____ de _____ .

_____           _____
Nombre del (de la) Alguacil Regional          Nombre del (de la) Alguacil de Primera Instancia
                                                        y Número de Placa

                                             _____
                                             Firma del (de la) Alguacil de Primera Instancia

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO POR PERSONA PARTICULAR

Yo, _____, declaro tener capacidad legal conforme la Regla 4.3
de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la
demanda del caso de referencia fue realizado por mí, el _____ de _____ de _____ ,
de la siguiente forma:
☐   Mediante entrega personal a la parte demandada en la siguiente dirección física:
    _____

☐   Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
    _____

☐   Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demanda o
    designada por ley para recibir emplazamientos en la siguiente dirección física:
    _____

☐   No se pudo diligenciar el emplazamiento personalmente debido a que:
    _____
    _____

COSTOS DEL DILIGENCIAMIENTO:  $ _____

## DECLARACIÓN DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que
la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.
Y PARA QUE ASÍ CONSTE, suscribo la presente en _____ , Puerto Rico, el _____
de _____ de _____ .

_____           _____
Firma del (de la) emplazador(a)                Dirección del (de la) emplazador(a)

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]
      Jurado(a) y suscrito(a) ante mí por _____ ,
de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer
_____
(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)
En _____ , Puerto Rico, el _____ de _____ de _____ .

                                     Por: _____
_____           _____
Nombre del (de la) Notario(a) o                Nombre del (de la)
Secretario(a) Regional                         Secretario(a) Auxiliar del Tribunal

                                             _____
                                             Firma del (de la)
                                             Secretario(a) Auxiliar del Tribunal

Formulario OAT 1721                                                                    Página 3 de 3
(Rev. Agosto 2023)

Caso Núm. _____

## DILIGENCIAMIENTO BAJO LEY NÚM. 57-2023

Yo, _____, certifico que el diligenciamiento del emplazamiento y de la
demanda del caso de referencia fue realizado por mí, el ____ de _____ de _____ ,
de la siguiente forma:

☐   Mediante envío a la parte demandada por correo electrónico a la siguiente dirección:

_____

☐   Mediante envío a la parte demandada por correo regular a la siguiente dirección:

_____

## DECLARACIÓN DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que
la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.
Y PARA QUE ASÍ CONSTE, suscribo la presente en _____ , Puerto Rico, el _____
de _____ de _____ .

_____           _____
    Firma del (de la) emplazador(a)                 Dirección del (de la) emplazador(a)

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]

        Jurado(a) y suscrito(a) ante mí por _____ ,
de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer

_____
   (conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _____ , Puerto Rico, el _____ de _____ de _____ .

                                             Por: _____

_____           _____
   Nombre del (de la) Notario(a) o                       Nombre del (de la)
      Secretario(a) Regional                    Secretario(a) Auxiliar del Tribunal

                                           _____
                                                        Firma del (de la)
                                                Secretario(a) Auxiliar del Tribunal

Formulario OAT 1721                                                      Página 1 de 3
(Rev. Agosto 2023)

Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
**Tribunal de Primera Instancia**
Sala ☒ Superior ☐ Municipal de  SAN JUAN

| | |
|---|---|
| MIGUEL VIDAL QUIDGLEY, | Caso Núm. _CA2023CV02896_ |
| Parte Demandante | Salón Núm. _403_ |
| v. | DAÑOS Y PERJUICIOS |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRILL LYNCH BANK USA; BANK OF AMERICA, NA, | Acción Civil de: _____ |
| Parte Demandada | Materia o Asunto |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:  MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; ET AL.
Nombre de la parte demandada que se emplaza
15 Second Street, Suite 210, Guaynabo, PR 00968

Dirección de la parte demandada que se emplaza

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los ___30___ días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://www.poderjudicial.pr/index.php/tribunal-electronico/, salvo que el caso sea de un expediente físico o que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la Secretaría del Tribunal y notificar copia de la misma al (a la) abogado(a) de la parte demandante o a ésta, de no tener representación legal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.  Además, se le apercibe que, en los casos al amparo de la Ley Núm. 57-2023, titulada *Ley para la Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores*, entre los remedios que el Tribunal podrá conceder se incluyen la ubicación permanente de un (una) menor fuera de su hogar, el inicio de procesos para la privación de patria potestad, y cualquier otra medida en el mejor interés del (de la) menor. *(Artículo 33, incisos b y f de la Ley Núm. 57-2023)*. Se le advierte de su derecho a comparecer acompañado(a) de abogado(a) en los casos que proceda.

LUIS MIÑANA RODRÍGUEZ-FEO
Nombre del (de la) abogado(a) de la parte demandante,
o de la parte, si no tiene representación legal

16,297
Número ante el Tribunal Supremo (RUA), si es abogado(a)

URB. BALDRICH, 122 CALLE MANUEL DOMENECH (ALTOS)
SAN JUAN, PR 00918
Dirección

787-758-1999
Número de teléfono; número de fax

minanalaw@yahoo.com
Correo electrónico

Expedido bajo mi firma y sello del Tribunal, el ____de_____ de _____ SEP 13, 2023

Lcda. Kanelly Zayas Robles
Secretaria Regional
Nombre del (de la)
Secretario(a) Regional

Por:  ZENISE M. AMARO MACHUCA
Nombre del (de la)
Secretario(a) Auxiliar del Tribunal

Firma del (de la)
Secretario(a) Auxiliar del Tribunal

F087

Formulario OAT 1721                                                    Página 2 de 3
(Rev. Agosto 2023)

Caso Núm. _____

## CERTIFICADO DE DILIGENCIAMIENTO POR EL (LA) ALGUACIL

Yo, _____ Alguacil del Tribunal de Primera Instancia de Puerto Rico, Sala de _____ .

CERTIFICO que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizada por mí, el _____ de _____ de _____, a las _____ ☐ a.m. ☐ p.m., de la siguiente forma:

☐ Mediante entrega personal a la parte demandada en la siguiente dirección física:
_____

☐ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
_____

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demandada o designada por ley para recibir emplazamientos en la siguiente dirección física:
_____

☐ No se pudo diligenciar el emplazamiento personalmente debido a que:
_____
_____

En, _____, Puerto Rico, el _____ de _____ de _____ .

_____          _____
Nombre del (de la) Alguacil Regional          Nombre del (de la) Alguacil de Primera Instancia
                                                             y Número de Placa

                                              _____
                                              Firma del (de la) Alguacil de Primera Instancia

## DILIGENCIAMIENTO DEL EMPLAZAMIENTO POR PERSONA PARTICULAR

Yo, _____, declaro tener capacidad legal conforme la Regla 4.3 de Procedimiento Civil de Puerto Rico, y certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el _____ de _____ de _____ , de la siguiente forma:

☐ Mediante entrega personal a la parte demandada en la siguiente dirección física:
_____

☐ Accesible en la inmediata presencia de la parte demandada en la siguiente dirección física:
_____

☐ Dejando copia de los documentos a un(a) agente autorizado(a) por la parte demanda o designada por ley para recibir emplazamientos en la siguiente dirección física:
_____

☐ No se pudo diligenciar el emplazamiento personalmente debido a que:
_____
_____

COSTOS DEL DILIGENCIAMIENTO: $ _____

### DECLARACIÓN DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _____ , Puerto Rico, el _____ de _____ de _____ .

_____          _____
Firma del (de la) emplazador(a)
                                              Dirección del (de la) emplazador(a)

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]

          Jurado(a) y suscrito(a) ante mí por _____ , de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer

(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _____ , Puerto Rico, el _____ de _____ de _____ .

                                    Por: _____
_____          _____
Nombre del (de la) Notario(a) o               Nombre del (de la)
Secretario(a) Regional                        Secretario(a) Auxiliar del Tribunal

                                              _____
                                              Firma del (de la)
                                              Secretario(a) Auxiliar del Tribunal

Formulario OAT 1721  
(Rev. Agosto 2023)

Página 3 de 3

Caso Núm. _____

## DILIGENCIAMIENTO BAJO LEY NÚM. 57-2023

Yo, _____, certifico que el diligenciamiento del emplazamiento y de la demanda del caso de referencia fue realizado por mí, el ____ de _____ de _____ , de la siguiente forma:

☐ Mediante envío a la parte demandada por correo electrónico a la siguiente dirección:

_____

☐ Mediante envío a la parte demandada por correo regular a la siguiente dirección:

_____

## DECLARACIÓN DEL (DE LA) EMPLAZADOR(A)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _____ , Puerto Rico, el _____ de _____ de _____ .

_____
Firma del (de la) emplazador(a)

_____
Dirección del (de la) emplazador(a)

AFFIDÁVIT NÚM. _____ [en caso de ser juramentado ante un(a) notario(a)]

Jurado(a) y suscrito(a) ante mí por _____ , de las circunstancias personales anteriormente mencionadas, a quien doy fe de conocer

_____
(conocimiento personal o, en su defecto, la acreditación del medio supletorio provisto por la Ley Notarial)

En _____ , Puerto Rico, el _____ de _____ de _____ .

Por: _____

_____
Nombre del (de la) Notario(a) o
Secretario(a) Regional

_____
Nombre del (de la)
Secretario(a) Auxiliar del Tribunal

_____
Firma del (de la)
Secretario(a) Auxiliar del Tribunal



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE CAROLINA
UNIDAD DE CUENTAS

| | |
|---|---|
| **MIGUEL VIDAL QUIDGLEY** | **CASO CIVIL: CA2023CV02896** |
| **VS.** | **SALA:** |
| **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRILL LYNCH BANK USA; BANK OF AMERICA, NA** | **MATERIA: DAÑOS Y PERJUICIOS** |

### *CERTIFICACIÓN DE DEPÓSITOS NEGATIVA*

**CERTIFICO** *que he verificado los registros contables de la Unidad de Cuentas de esta Sala y a esta fecha, 20 de septiembre de 2023 a las 9:10 a.m., no hay fondos consignados en éste número de caso.*

*En Carolina, Puerto Rico a 20 de septiembre de 2023.*

*Grace B. Eusebio Pintado*
*Auxiliar en Contabilidad I*

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **MIGUEL VIDAL QUIDGLEY**<br>Demandante<br>v.<br><br>**MERRILL LYNCH, PIERCE, FENNER &**<br>**SMITH, INC.; MERRILL LYNCH BANK**<br>**USA; BANK OF AMERICA, NA**<br>Demandado | **CIVIL NÚM.   CA2023CV02896**<br>**SALA:**   (403)<br><br>**SOBRE:**<br><br>DAÑOS Y PERJUICIOS |

## ORDEN DE TRASLADO

Este caso trata sobre una demanda de daños y perjuicios presentada por la parte demandante contra la parte demandada de epígrafe.

Surge de los autos, que esta causa es de la competencia del Tribunal de Primera Instancia, Sala SUPERIOR de BAYAMON, ya que las partes ubican en el Municipio de Guaynabo.

Este Tribunal, por su propia iniciativa y en el ejercicio de la facultad que le confiere el Artículo 5.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. sec. 25 (e), y la Regla 3 de las de Procedimiento Civil de 1979, ordena el traslado de este caso a dicha Sala.

Se le refiere el presente caso a la Hon. Rosa Del Carmen Benítez Álvarez, Jueza Administradora Regional para el trámite correspondiente.

El Secretario enviará, una vez registrada esta orden, todos los escritos archivados en esta causa al Secretario de la referida Sala.

 **NOTIFÍQUESE.**

Dada en Carolina, Puerto Rico, a 18 de septiembre de 2023.


 *f/ ISMAEL ÁLVAREZ BURGOS*
 **JUEZ SUPERIOR**



Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
**Tribunal de Primera Instancia**
Sala (☑Superior, ☐ Municipal de)  Bayamon

MIGUEL VIDAL QUIDGLEY,
_____
Nombre de la(s) Parte(s) Demandante(s)

v.

MERRIL LYNCH, PIERCE, FENNER & SMITH, INC.; ET AL
_____
Nombre de la(s) Parte(s) Demandada(s)

CASO NÚM.:  CA2023CV02896

Salón Núm.:  _____

Acción Civil de:  DAÑOS Y PERJUCIOS
                              Materia o Asunto

## NOTIFICACIÓN DE DEMANDA
## Y SOLICITUD DE RENUNCIA AL EMPLAZAMIENTO

A:  MERRIL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRIL LYNCH BANK USA;
_____
(nombre de la parte demandada)

Dirección:  15 SECOND STREET, SUITE 210, GUAYNABO, PR 00968

Por este medio le notifico que se ha presentado una demanda en contra de usted (o de la entidad que usted representa), en el caso de epígrafe. Le acompaño copia fiel y exacta de la demanda presentada, de la cual podrá obtener todos los detalles y pormenores de la mencionada reclamación. Además, de conformidad con lo dispuesto en la Regla 4.5 de las Reglas de Procedimiento Civil de Puerto Rico, le solicito su renuncia al procedimiento para el diligenciamiento personal del emplazamiento que fue expedido a su nombre, de manera que puedan evitarse los gastos que dicho procedimiento conlleva.

De aceptar la renuncia solicitada, deberá completar y firmar el dorso de esta solicitud y devolverla en el sobre pre dirigido que se incluye, dentro de los veinte (20) días siguientes a la fecha del depósito en el correo de esta solicitud o, dentro de los treinta (30) días siguientes a esa fecha si usted se encuentra fuera de Puerto Rico.

Una vez devuelva este documento debidamente cumplimentado y firmado por usted, entonces se presentará ante el tribunal y la acción procederá como si usted hubiese sido emplazado(a) en la fecha en que aceptó la renuncia. Usted deberá contestar la demanda dentro de los treinta (30) días siguientes a la fecha en que envió el documento debidamente cumplimentado.

Si usted opta por no renunciar, entonces se procederán a realizar los trámites para emplazarlo(a) conforme lo dispuesto en la Regla 4 de las Reglas de Procedimiento Civil de Puerto Rico, y a solicitarle al tribunal que le imponga el pago de los gastos del diligenciamiento del emplazamiento dirigido a usted, incluyendo los gastos de honorarios de abogado. Sobre este asunto, favor leer la explicación que se encuentra al dorso.

Certifico haber enviado esta solicitud con una copia, con copia de la demanda y con un sobre pre dirigido, hoy  18  de  SEPTIEMBRE  de  2023  .

LUIS E. MIÑANA RODRÍGUEZ-FEO
_____
(nombre del(de la) representante legal o de la parte que se autorrepresenta)

_____
(firma del(de la) representante legal o de la parte que se autorrepresenta)
16,297
_____
(número ante el Tribunal Supremo, del(de la) representante legal. si aplica)
URB. BALDRICH, 122 AVE. MANUEL DOMENECH (ALTOS), SJ, PR 00918
_____
(dirección del(de la) representante legal o de la parte que se autorrepresenta)
minanalaw@yahoo.com / minanasecre@gmail.com
_____
(dirección electrónica. si tiene)
787-758-1999
_____
(número de teléfono)  (número de fax)

## RENUNCIA AL DILIGENCIAMIENTO DEL EMPLAZAMIENTO

A: LUIS E. MIÑANA RODRÍGUEZ-FEO

(nombre de la parte demandante)

Dirección:   URB. BALDRICH, 122 AVE. MANUEL DOMENECH (ALTOS), SJ, PR 00918

Yo, *Merrill Lynch, Pierce, Fenner & Smith, Inc.* / *Merrill Lynch Bank USA*, parte demandada acuso recibo de esta Solicitud de Renuncia al Diligenciamiento del Emplazamiento y de una copia, que fueron enviadas por usted para el caso de epígrafe. También acuso recibo de copia de la demanda presentada en el caso y de un sobre pre dirigido en el cual podré devolver este documento una vez firmado, sin ningún costo.

Acepto economizar los costos del diligenciamiento del emplazamiento y del envío de una copia adicional de la demanda, por lo que renuncio al emplazamiento personal dispuesto en la Regla 4 de las Reglas de Procedimiento Civil de Puerto Rico. Sin embargo, retengo el derecho a solicitar el traslado del caso a una sala con competencia, y a presentar todas las defensas u objeciones que puedan existir sobre la causa de acción o sobre la jurisdicción del tribunal, con excepción de aquellas defensas relacionadas con defectos en el emplazamiento o en el diligenciamiento de éste. Certifico que mi renuncia es voluntaria y no como producto de coacción.

Entiendo que el tribunal podría anotar la rebeldía si no le notifico una contestación a la demanda o la correspondiente moción, dentro de los treinta (30) días del envío de este documento.

Enviada hoy _6_ de _Octubre_ de _2023_

(firma de la parte demandada)

### Deber de evitar los gastos del diligenciamiento del emplazamiento

La Regla 4.5 de las Reglas de Procedimiento Civil de Puerto Rico requiere, salvo algunas excepciones, que la parte demandada evite los gastos del diligenciamiento del emplazamiento y de la demanda. Por lo tanto, si la parte demandada no renuncia al diligenciamiento del emplazamiento luego de notificársele la acción en su contra y solicitársele dicha renuncia, entonces deberá asumir los gastos del diligenciamiento del emplazamiento, a menos que demuestre justa causa. No constituirá justa causa para rehusarse a renunciar al diligenciamiento del emplazamiento que la parte demandada considere que la demanda carece de méritos, o que se presentó en un tribunal sin competencia o sin jurisdicción sobre la materia, la persona o la propiedad.

La parte demandada que renuncia al diligenciamiento del emplazamiento retiene todas las defensas y objeciones por lo que podrá presentarlas posteriormente, excepto aquéllas que están relacionadas con el emplazamiento o con el diligenciamiento del emplazamiento. También podrá solicitar el traslado del caso a una sala con competencia, si lo estima procedente.

La parte demandada que renuncia al diligenciamiento del emplazamiento deberá notificarle al(a la) representante legal de la parte demandante o a la parte demandante que se autorrepresenta, el correspondiente escrito contestando la demanda, y deberá presentarlo al tribunal dentro del término dispuesto en la solicitud de renuncia. Al renunciar al diligenciamiento del emplazamiento, la parte demandada podría tener un término mayor para contestar la demanda que el término que hubiese tenido de haber sido emplazada en la fecha en que recibió la solicitud de renuncia al emplazamiento. De no notificar una contestación o una moción dentro de dicho término, el tribunal podrá anotar la rebeldía y posteriormente dictar sentencia contra la parte demandada, o cualquier otro remedio, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **MIGUEL VIDAL QUIDGLEY,** | |
| **Demandante,** | CIVIL NÚM.: CA2023CV02896 |
| **vs.** | |
| **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRILL LYNCH BANK USA; BANK OF AMERICA, NA** | SOBRE: Daños y Perjuicios |
| **Demandados** | |

**MOCION INFORMATIVA SOBRE RENUNCIA A EMPLAZAMIENTO**

**Al HONORABLE TRIBUNAL:**

**COMPARECE la parte Demandante** por conducto de su representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA**:

1. El 14 de septiembre de 2023, la parte Demandante presentó su Demanda de Daños y Perjuicios contra los Demandados Merrill Lynch, Pierce, Fenner & Smith, Inc.; Merrill Lynch Bank USA; Bank Of America, NA   .

2. En el presente caso este Honorable Tribunal emitió una Orden expidiendo emplazamientos a la parte Demandada el 15 de septiembre de 2023.

3. No obstante, conforme a la Regla 4.5 de Procedimiento Civil 32 L.P.R.A. Ap. II, la parte Demandante le solicitó a Merrill Lynch, Pierce, Fenner & Smith, Inc. y a Merrill Lynch Bank USA la renuncia al emplazamiento personal y envió copia de la demanda ponchada.

4. Que, el día de hoy los Demandados notificaron, por correo certificado, su renuncia al emplazamiento debidamente diligenciada. (Anejo 1).

5. Por tanto, solicitamos de este Honorable Tribunal que tome conocimiento de lo antes expresado y se una al expediente la renuncia al emplazamiento de los Demandados Merrill Lynch, Pierce, Fenner & Smith, Inc. y a Merrill Lynch Bank USA de modo que se den por sometidos a la jurisdicción de este Honorable Tribunal.

**POR TODO LO CUAL** se solicita muy respetuosamente se una la renuncia al emplazamiento de Merrill Lynch, Pierce, Fenner & Smith, Inc. y a Merrill Lynch Bank USA al expediente del caso como evidencia de que el Demandado se sometió voluntariamente a la jurisdicción de este Honorable Tribunal.

En San Juan, Puerto Rico, hoy 10 de octubre de 2023.

**CERTIFICO:** Que el presente escrito será notificado a los abogados de récord por medio del sistema SUMAC.

**ESPADA, MIÑANA & PEDROSA, LAW OFFICES PSC**
**AVE. DOMENECH 122 (ALTOS)**
**SAN JUAN, PR 00918**
**TEL. (787)758-1999**
**CEL. (787)402-2226**
**EMAIL: minanalaw@yahoo.com**

**f/ *Luis E. Miñana Rodríguez***
**POR: LCDO. LUIS E. MIÑANA RODRÍGUEZ, RUA 16297**
**Abogados de los Demandantes**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE  Bayamón**
SALA SUPERIOR DE  Bayamón

| | |
|---|---|
| MIGUEL LUIS VIDAL QUIDGLEY | CASO NÚM.    CA2023CV02896 (SALÓN 701) |
| VS | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC Y OTROS | SOBRE:    ACCIÓN RESCISORIA Y OTROS |

### NOTIFICACIÓN

A:   LUIS E MIÑANA RODRÍGUEZ-FEO
     MINANALAW@YAHOO.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al(a la) INFORMATIVA [5] este Tribunal emitió una ORDEN el 12 de octubre de 2023.

Se transcribe la determinación a continuación:

No hay evidencia anejada a los efectos de lo aquí informado.

[6]

                                     f/ETHEL GLADYS RUIZ FERNANDEZ

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 12 de octubre de 2023, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  Bayamón, Puerto Rico, a 12 de octubre de 2023.

| | |
|---|---|
| LAURA I. SANTA SANCHEZ | Por:   f/MARILYN COLON CARRASQUILLO |
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **MIGUEL VIDAL QUIDGLEY,** | CIVIL NÚM.: CA2023CV02896 |
| **Demandante,** | |
| **vs.** | |
| **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRILL LYNCH BANK USA; BANK OF AMERICA, NA** | SOBRE: Daños y Perjuicios |
| **Demandados** | |

**MOCION INFORMATIVA SOBRE RENUNCIA A EMPLAZAMIENTO**

**Al HONORABLE TRIBUNAL:**

**COMPARECE la parte Demandante** por conducto de su representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA Y SOLICITA**:

1. El 14 de septiembre de 2023, la parte Demandante presentó su Demanda de Daños y Perjuicios contra los Demandados Merrill Lynch, Pierce, Fenner & Smith, Inc.; Merrill Lynch Bank USA; Bank Of America, NA   .

2. En el presente caso este Honorable Tribunal emitió una Orden expidiendo emplazamientos a la parte Demandada el 15 de septiembre de 2023.

3. No obstante, conforme a la Regla 4.5 de Procedimiento Civil 32 L.P.R.A. Ap. II, la parte Demandante le solicitó a Merrill Lynch, Pierce, Fenner & Smith, Inc. y a Merrill Lynch Bank USA la renuncia al emplazamiento personal y envió copia de la demanda ponchada.

4. Que, el día de hoy los Demandados notificaron, por correo certificado, su renuncia al emplazamiento debidamente diligenciada. (Anejo 1).

5. Por tanto, solicitamos de este Honorable Tribunal que tome conocimiento de lo antes expresado y se una al expediente la renuncia al emplazamiento de los Demandados Merrill Lynch, Pierce, Fenner & Smith, Inc. y a Merrill Lynch Bank USA de modo que se den por sometidos a la jurisdicción de este Honorable Tribunal.

**POR TODO LO CUAL** se solicita muy respetuosamente se una la renuncia al emplazamiento de Merrill Lynch, Pierce, Fenner & Smith, Inc. y a Merrill Lynch Bank USA al expediente del caso como evidencia de que el Demandado se sometió voluntariamente a la jurisdicción de este Honorable Tribunal.

En San Juan, Puerto Rico, hoy 10 de octubre de 2023.

**CERTIFICO:** Que el presente escrito será notificado a los abogados de récord por medio del sistema SUMAC.

**ESPADA, MIÑANA & PEDROSA, LAW OFFICES PSC**
**AVE. DOMENECH 122 (ALTOS)**
**SAN JUAN, PR 00918**
**TEL. (787)758-1999**
**CEL. (787)402-2226**
**EMAIL: minanalaw@yahoo.com**

**f/ *Luis E. Miñana Rodríguez***
**POR: LCDO. LUIS E. MIÑANA RODRÍGUEZ, RUA 16297**
**Abogados de los Demandantes**
